■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MITCHELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered January 31, 1985, convicting him of burglary in the third degree and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Gallagher, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and his statement to the police.

Ordered that the judgment is affirmed.

On April 4, 1984, at about 5:00 P.M., a company supervisor for Expert Concrete Inc. was closing the work premises for the night. He discovered the defendant crouched in the front seat of a truck that was parked inside the garage area of the work premises. The supervisor closed the garage door to prevent the defendant from leaving and waited for the police to arrive.

Approximately five minutes later, the responding police officer entered the garage and observed the defendant holding a green canvas bag and standing outside of the truck. The officer seized the bag and asked the defendant whether it belonged to him. When the defendant replied "Yes", the officer opened the bag and discovered a large screwdriver and a nightstick. At the trial, the police officer testified that he had received special training regarding burglar's tools and characterized the screwdriver as such a tool.

The court correctly denied that branch of the defendant's omnibus motion which was to suppress the screwdriver recovered from his bag. In view of the exigent circumstances that

existed at the time that the police officer first encountered the defendant, the defendant's privacy interest in his closed bag was subordinate to the need to search it for weapons or evidence that might otherwise be secreted or destroyed (see, People v Smith, 59 NY2d 454).

However, the circumstances surrounding the questioning of the defendant were custodial in nature. Therefore, the court erred in denying that branch of the defendant's motion which was to suppress his statement. An innocent individual who found himself in the defendant's highly incriminating situation would have reasonably considered himself to be in custody (see, People v Yukl, 25 NY2d 585). However, the admission of the statement was harmless error as there was overwhelming proof of the defendant's guilt and no reasonable possibility that the error might have contributed to the defendant's conviction (see, People v Crimmins, 36 NY2d 230).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Pursuant to Penal Law § 140.20, a person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein. Furthermore, a person "enters or remains unlawfully" in or upon premises when he is not licensed or privileged to do so (Penal Law § 140.00 [5]). A review of the record indicates that the defendant was discovered crouched inside the cab of a company truck within premises which were not open to the general public. The evidence was clear that the defendant was not given permission to enter or remain on the premises. Under the circumstances, we find that it was permissible for the jury to draw the inference that the "defendant's entry into the premises was effectuated with the intent to commit a larceny therein" (People v Barnes, 50 NY2d 375, 381; see, People v Mackey, 49 NY2d 274, 280).

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions and conclude that they are without merit. Mollen, P. J., Mangano, Kunzeman and Balletta, JJ., concur.