■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VALENTIN LOPEZ, Appellant.—Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered January 12, 1989, convicting defendant after a jury trial of burglary in the second degree, and sentencing defendant to an indeterminate prison term of 3 to 6 years, unanimously affirmed.

Defendant was observed emerging from a hatch on the roof of the rear building at 434 Lafayette Street before he wandered into the building. Two women became suspicious and called the police. Meanwhile, another tenant, whose apartment faced the courtyard, heard glass break in the darkened and shuttered apartment two floors below his own. Upon leaning out his window and looking down he saw an individual entering the apartment through the window facing the fire escape. Later it was discovered that there were personal papers strewn on the floor and opened drawers near the broken window.

Shortly after the police arrived, they encountered defendant descending the stairs of the building. Defendant, who was unable to explain his presence in the building, was identified by one of the women as the man she had seen earlier in the courtyard and on the staircase. The tenant identified defendant from his clothing as the person he had seen breaking into the subject apartment.

In light of these facts, we conclude that the verdict was supported by legally sufficient evidence and was not against the weight of the evidence. *(See, People v Bleakley,* 69 NY2d 490.)

The trial court properly denied defendant's request to charge criminal trespass in the second degree as a lesser included offense of burglary in the second degree since there

was no reasonable view of the evidence which would support a finding that he committed the lesser offense and not the greater. *(People v Glover,* 57 NY2d 61; *People v Evans,* 135 AD2d 648, *lv denied* 71 NY2d 895.) Concur—Carro, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.