■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO IRRIZARY, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered December 5, 1990, convicting defendant after a jury trial, of burglary in the second degree and assault in the second degree, and sentencing him as a predicate felony offender to concurrent terms of 7-½ to 15 years, and 3-½ to 7 years, respectively, unanimously affirmed.

Defendant was arrested by responding police officers after he broke through the window of a coffee shop, and kicked open a locked door to the restaurant's second floor. Defendant was found hiding under a heating duct and in resisting arrest he lunged for an officer's gun, biting that officer, as well as injuring another officer.

Viewing the evidence in a light most favorable to the People and giving due deference to the jury's findings of credibility *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), defendant's guilt was proved beyond a reasonable doubt by overwhelming evidence. There existed a valid line of reasoning and permissible inferences which could lead a rational person to conclude that the People had established the requisite intent for burglary despite lack of actual theft. *(People v Lopez,* 176 AD2d 468, *lv denied* 79 NY2d 860.) Further defendant's conduct evinced a consciousness of guilt which further supports proof of his intent. *(People v Barnes,* 50 NY2d 375, 381.) The evidence was that the owner had left the restaurant in a neat condition but it was a "mess" when defendant was found inside.

The court below properly weighed the probative value of defendant's prior conviction for rape against the potential for undue prejudice *(People v Bennette,* 56 NY2d 142, 147), and did not abuse its discretion in concluding that defendant's rape conviction was probative of his willingness to place his individual self interest ahead of the interest of society *(supra,* at 148). While the court's ruling on defendant's application to modify the *Sandoval* ruling is less than clear, the prosecutor's unanswered question concerning the underlying facts of the rape does not warrant a reversal. The court had provided the instruction that a question uncoupled with an answer is not evidence, and further instructed the jury to disregard the questions *(see, People v O'Neal,* 172 AD2d 217, *lv denied* 79

NY2d 830). We presume that the jury followed the court's instruction *(People v Berg,* 59 NY2d 294, 299-300), and we note that trial counsel did not except to the instruction or seek further curative relief. Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Smith, JJ.