■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

RICHARD BRUGMAN, Appellant. [606 NYS2d 4] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered May 26, 1992, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent prison terms of 5 to 10 years, unanimously affirmed.

Defendant's contention that the trial court committed reversible error by allowing the prosecutor to contravene the court's *Sandoval* ruling is not preserved for appellate review and we decline to review it in the interest of justice. Were we to reach this contention we would find it to be without merit. Defendant testified on direct examination that he did not know what a drug location was and that he would have avoided the arrest site had he known it was such a location. Since defendant placed his character in issue, the trial court did not err by, in effect, modifying its *Sandoval* ruling to permit the prosecutor to inquire into the underlying facts of the prior drug conviction in order to dispute defendant's portrayal of himself as one who would never be associated with the drug trade *(see, People v Rios,* 166 AD2d 616, 618, *lv denied* 77 NY2d 842). By immediately cutting off any further inquiry before defendant answered the prosecutor's question, the trial court made it unclear whether or not it really meant to modify the *Sandoval* ruling. In any event, the prosecutor's unanswered question does not warrant a reversal *(see, People v Irrizary,* 183 AD2d 630, 630-631, *lv denied* 80 NY2d 895), the court having clearly instructed the jury that a question uncoupled with an answer is not evidence, and having ascertained from each juror that the question would be disregarded *(see, People v Irrizary,* 183 AD2d 630, 630-631, *supra).* It is presumed that the jurors followed these instructions *(supra).* Concur—Sullivan, J. P., Wallach, Asch and Nardelli, JJ.