■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. McCARRON, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County (Copertino, J.), rendered July 26, 1983, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Viewing the evidence in the light most favorable to defendant (People v Martin, 59 NY2d 704, 705-706), there is no reasonable view of the evidence which would support a factual finding that defendant committed a burglary but that the premises was not a dwelling under Penal Law § 140.00 (2), (3) (see, e.g., People v Ivory, 99 AD2d 154).

The uncontroverted evidence indicated that the burglarized premises was comprised of a front extension to a residential home used as an antique shop, with a doorway, closed off by only a small partition and no-entry sign, which led to a room

in which the complainant had lodged at night for the previous 4½ years. Furthermore, there was no reasonable view of the evidence which could lead the jury to conclude that defendant and his accomplice were responsible for the forced entry, but did not actually enter the room used as a lodging *(see, People v Niepoth,* 55 AD2d 970). Thus, the court did not err in refusing defendant's request to charge burglary in the third degree (Penal Law § 140.20) as a lesser included offense of burglary in the second degree *(see, People v Glover,* 57 NY2d 61).

We have examined defendant's remaining contentions and find them to be without merit. O'Connor, J. P., Niehoff, Lawrence and Kooper, JJ., concur.