■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN STEVENSON, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County (Dugan, J.), rendered September 22, 1982, convicting him of burglary in the second degree and grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant was arrested following the burglary of a garage attached to a home and the subsequent larceny of an automo-

bile. He was observed driving the stolen automobile at an excessive rate of speed and, after failing to comply with a police officer's directive to pull over and stop, he accelerated the vehicle and was pursued by the police officer. Approximately one minute later, the police officer discovered that the automobile he had been pursuing had crashed into a highway wall and that defendant had been thrown therefrom. Defendant was found unconscious at the scene, and a "slam hammer", a tool commonly employed as a car-theft device, was recovered from the floor of the automobile.

Defendant's contention that the trial court erred in denying his request for a suppression hearing is without merit, as he has no standing to contest the search. A person present in a stolen automobile at the time of a search may not object to the lawfulness of the search (Rakas v Illinois, 439 US 128, 141, reh denied 439 US 1122; People v Cacioppo, 104 AD2d 559), as he cannot prove that he had a "legitimate expectation of privacy" in the automobile or in the item seized (see, United States v Salvucci, 448 US 83; People v Cacioppo, supra).

Defendant further contends that the People have failed to establish every element of the crime of burglary in the second degree, as a garage is not a dwelling within the purview of the Penal Law. Penal Law § 140.25 (2) provides that "[a] person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when * * * [t]he building is a dwelling". The term dwelling is defined as "a building which is usually occupied by a person lodging therein at night", and the term "building" is to be given its ordinary meaning (Penal Law § 140.00 [3], [2]). The garage into which defendant entered was attached to a home and was connected by an interior door, therefore comprising essentially one building. As such, the garage was an integral part of the dwelling within the meaning of the statute and entry therein, combined with the other requisite statutory elements, was sufficient to constitute burglary (see, White v State, 630 SW2d 340 [Tex]; State v Haas, 13 Ore App 368, 510 P2d 852, affd 267 Ore 489, 517 P2d 671, revd on other grounds 420 US 714; cf. People v Lewoc, 101 AD2d 927).

We have examined defendant's remaining contentions and find them to be without merit. Gibbons, J. P., Bracken, Rubin and Kunzeman, JJ., concur.