■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE GREEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deeley, J.), rendered May 2, 1984, convicting him of burglary in the second degree, robbery in the third degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial establishes that on July 22, 1983, at approximately 6:30 A.M., the defendant forcibly took property from the victim, after he had unlawfully entered into the garage of her residence at 1208 Eastern Parkway, Brooklyn, New York. On appeal, the defendant argues that since the evidence reveals that there was no interconnecting doorway between the victim's garage and her house, the garage

was not part of a "dwelling", so that the People failed to prove an essential element of burglary in the second degree (Penal Law § 140.25 [2]; § 140.00 [3]).

The defendant did not raise this specific argument either at the time of his motion to dismiss at the close of the People's case or at the time of his motion to dismiss at the close of the trial. This argument was, however, raised at the time of sentencing. Assuming, without necessarily deciding, that the issue is, under these circumstances, reviewable as a matter of law *(but see, People v Bynum,* 70 NY2d 858; *People v Gomez,* 67 NY2d 843; *People v Dekle,* 56 NY2d 835; *People v Stahl,* 53 NY2d 1048; *People v Cardona,* 136 AD2d 556, *lv denied* 70 NY2d 1004; *People v Patel,* 132 AD2d 498, *lv denied* 70 NY2d 935), we conclude that the defendant's argument is without merit.

Pursuant to the definition of the term "building" contained in the Penal Law § 140.00 (2), the victim's garage, which was located under her house, must be considered part of the main building. Penal Law § 140.00 (2) provides that "[w]here a building consists of two or more units separately secured or occupied, each unit shall be deemed * * * a part of the main building". In accordance with this definition, we have previously held that an attached garage may be considered as part of the main house and thus as part of a "dwelling" within the meaning of Penal Law § 140.25 (2) *(see, People v Stevenson,* 116 AD2d 756, 757, *lv denied* 67 NY2d 890).

We are not persuaded by the argument that *People v Stevenson (supra)* should not be considered controlling because, in that case, the garage in question was linked to the main residence by an interconnecting door. Other courts, interpreting similar statutes, have rejected such a distinction and have held that an attached garage, even without an interconnecting door, constitutes part of the main dwelling *(see, e.g., People v Moreno,* 158 Cal App 3d 109, 204 Cal Rptr 17; *Burgett v State,* 161 Ind App 157, 314 NE2d 799 [basement which was not directly accessible from living area held part of dwelling]; *see also, Jones v State,* 690 SW2d 318 [Tex App]; *White v State,* 630 SW2d 340 [Tex App]; *People v Coutu,* 171 Cal App 3d 192, 217 Cal Rptr 191). Since the garage in the present case was structurally part of a building which was used for overnight lodging of various persons, it must be considered as part of a dwelling *(see also, People v Ivory,* 99 AD2d 154, 156 [hallway in apartment building constitutes dwelling]).

Turning to the defendant's remaining contentions, we find

that the defendant's argument concerning the alleged repugnancy of the jury's verdict has not been preserved for appellate review *(see, People v Satloff,* 56 NY2d 745, 746, *rearg denied* 57 NY2d 674) and is, in any event, meritless *(see, People v Tucker,* 55 NY2d 1, *rearg denied* 55 NY2d 1039). There is also no merit to the defendant's contention that he was improperly sentenced as a second felony offender *(see, People v Depeyster,* 115 AD2d 613; *People v Sirianni,* 89 AD2d 775).

The defendant's remaining contentions have also been examined and are found to be equally meritless. Bracken, J. P., Kunzeman, Rubin and Spatt, JJ., concur.