■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JOHNSON, Also Known as ELMON SABB, Appellant.—Judgment of the Supreme Court, New York County (Martin Rettinger, J.), rendered December 15, 1987, convicting defendant, after a jury trial, of burglary in the second degree and criminal possession of stolen property in the fourth degree

and sentencing him, as a predicate felon, to concurrent indeterminate prison terms of from 4 to 8 years and 1½ to 3 years on the burglary and criminal possession charges, respectively, unanimously affirmed.

Defendant entered a music shop located on the ground floor and second floor of a five-story residential brownstone situated on West 69th Street in Manhattan. The owners of the music shop, the complainant and her husband, resided on the third and fourth floors, and they leased the top floor as a residence to a tenant. The shop and residential units above were separate units.

Defendant gained access to the music shop through its front door located on the ground floor. The front door had been left open by a worker hired by complainant. Normally, the shop door was locked with a deadbolt, thereby requiring invitees to ring a doorbell to gain admittance to the shop.

While in the shop, defendant removed complainant's wallet (which contained several credit cards) from her desk, which was located in a separate room used as a business office. Defendant placed the wallet in his back pocket and attempted to leave the shop, but was apprehended by complainant's employee.

On appeal, defendant challenges the sufficiency of the evidence as to the two crimes of which he was convicted.

Viewing the evidence in the light most favorable to the prosecution *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), defendant's guilt of criminal possession of stolen property in the fourth degree was established beyond a reasonable doubt *(see,* Penal Law § 165.45 [2]). Defendant knowingly possessed complainant's wallet, which contained several credit cards. Defendant placed the wallet in his back pocket and attempted to leave the shop. Defendant, when confronted, gave complainant a fake name and asked that she not call the police.

The evidence was also sufficient to establish defendant's guilt of burglary in the second degree *(see,* Penal Law § 140.25). Defendant's entry into complainant's business office was unlawful *(see,* Penal Law §§ 140.25, 140.00 [5]; Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 140.00 [1975]). Moreover, the "main building" which the shop was "part of", was a dwelling house wherein tenants lodged at night (Penal Law §§ 140.25, 140.00 [2], [3], [4]; *see generally, Quinn v People,* 71 NY 561, 565-568). Concur —Sullivan, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.