(May 14, 1992)

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARK REDMOND, Respondent.—Order of the Supreme Court, New York County (Brenda Soloff, J.), entered on May 9, 1991, granting defendant's motion to dismiss the indictment to the

extent of reducing the count of criminal possession of a controlled substance in the third degree to criminal possession of a controlled substance in the seventh degree, unanimously reversed, and the count of criminal possession of a controlled substance in the third degree is reinstated.

The IAS court granted defendant's motion to dismiss the indictment for legal insufficiency of the evidence to the extent of reducing the third degree count of criminal possession of a controlled substance. The police officer observed the defendant remove several clear bags which contained a rock-like substance from a brown paper bag and show the clear bags to another person. The defendant then placed the clear bags back into the paper bag and wedged the paper bag between an ice machine and a wall of a grocery store. One of the officers recovered the paper bag and found inside 119 small clear plastic bags, each containing small amounts of crack cocaine.

In determining the legal sufficiency of an indictment count, the evidence must be viewed most favorably to the People. An indictment count may be reduced or dismissed only upon a "clear showing that the evidence, unexplained and uncontradicted, would not permit a petit jury to convict defendant after trial" *(People v Gomez,* 160 AD2d 399, 400, *lv denied* 76 NY2d 735).

The circumstances surrounding the defendant's actions support an inference of intent to sell *(see, People v Timmons,* 127 AD2d 806, 807). Accordingly, legally sufficient evidence existed to support the third degree count of criminal possession of a controlled substance. "In the context of the Grand Jury procedure, legally sufficient means prima facie, not proof beyond a reasonable doubt [citation omitted]" *(People v Mayo,* 36 NY2d 1002, 1004). Concur—Murphy, P. J., Sullivan, Rosenberger, Wallach and Rubin, JJ.