■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICARDO ROHENA, Respondent.—Order of the Supreme Court, New York County (Franklin Weissberg, J.), entered October 21, 1991, dismissing the indictment of defendant for burglary in the second degree, is unanimously reversed, on the law, and the indictment reinstated, and the matter remanded for further proceedings.

Officer Caplan testified before the Grand Jury that he and his partner observed defendant and another walking on Central Park West from the direction of 88th Street at about 2 A.M. They were walking quickly and looking over their shoulders and both were carrying stereo components. When asked what they were doing, defendant replied that they had found

the stereo equipment in the park and were going to sell it. The officer felt the equipment and testified that it was warm and fairly dry despite the rainy weather and a temperature of 40 degrees. Soon after, the officer discovered, around the corner, on 88th Street, a doctor's office, in an occupied residential building, which had a broken window, and which was in disarray with stereo wires pulled out from a partition, a television in the middle of the floor near the window, and telephones, checks and other items strewn across the floor. The doctor confirmed the stereo equipment belonged to him and that he was the owner of the premises and had not given defendant permission to be on the premises at that time and date.

Criminal Term dismissed the indictment, finding that the evidence adduced was insufficient to establish that defendant committed the burglary and also that the evidence was insufficient to support a finding that the burglary occurred in a "dwelling", which is required to be proven for second degree burglary.

Initially, while the defendant correctly asserts that each element of the crime charged must be established, the People need not prove each element beyond a reasonable doubt, but simply make a *prima facie* showing *(People v Mayo,* 36 NY2d 1002, 1004). Further, as we have recently noted, "In determining the legal sufficiency of an indictment count, the evidence must be viewed most favorably to the People. An indictment count may be reduced or dismissed only upon a 'clear showing that the evidence, unexplained and uncontradicted, would not permit a petit jury to convict defendant after trial' [citation omitted]" *(People v Redmond,* 183 AD2d 490, 491). Applying these principles, we find that the conclusions reached by Criminal Term, in dismissing the indictment, were erroneous and therefore reverse and reinstate the indictment.

The defendant's recent and exclusive possession of the fruits of the burglary would be sufficient, in and of itself, not only to establish a *prima facie* case, but also to support a conviction by a petit jury for burglary *(see, People v Baskerville,* 60 NY2d 374, 382). Defendant and his accomplice were apprehended right around the corner from the scene of the burglary. The condition of the equipment, warm and dry, on a rainy and cold night, hastened the inference that it had only recently been taken from the doctor's office. Additionally, when questioned, defendant asserted that he had found the equipment in Central Park.

Defendant now asserts that since possession was explained,

it could not support the inference of guilt of the underlying burglary. However, the Court of Appeals has explicitly held that "evidence of unexplained or *falsely explained* possession of recently stolen property is sufficient" to invoke the rule and the inference *(People v Baskerville, supra,* at 382 [emphasis added]).

Defendant also argues, for the first time on appeal, that the evidence was insufficient to support the indictment since the People, while relying exclusively on the inference, did not specifically charge the jury on it. However, there was no need for such an instruction before the Grand Jury. "Although the Grand Jury need not be charged with the same degree of precision as the petit jury, the District Attorney must give guidance adequate for the Grand Jury to carry out its function. We have held that, in the usual case, it is 'sufficient if the District Attorney provides the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime' *(People v Calbud, Inc.,* 49 NY2d 389, 394-395)." *(People v Valles,* 62 NY2d 36, 38.)

The Grand Jury was instructed as to the general principles concerning the drawing of circumstantial inferences, and under the facts herein, this was sufficient.

Finally, the conclusion of Criminal Term that the evidence did not indicate that defendant burglarized a "dwelling" (an essential element for second degree burglary), on the basis that there was "no evidence to establish that the doctor's office in question was usually occupied by a person lodging therein at night" was erroneous.

The Penal Law in the section dealing with trespass and burglary, specifically notes in its definition of "building" that "[w]here a building consists of two or more units separately secured or occupied, each unit shall be deemed both a separate building in itself *and* a part of the main building" (Penal Law § 140.00 [2] [emphasis added]. Thus, the evidence adduced, that the rest of the building in which the doctor's office was located was occupied by tenants residing there at night, established that the office was part of a "dwelling", and therefore, that the crime was burglary in the second degree *(People v Torres,* 162 AD2d 385, *lv denied* 76 NY2d 897; *People v Green,* 141 AD2d 760, *lv denied* 73 NY2d 786). Concur— Sullivan, J. P., Carro, Asch and Rubin, JJ.