■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN CONLAN, Appellant.—Judgment, Supreme Court, New York County (Bernard Jackson, J.), rendered November 29, 1990, convicting defendant after jury trial of murder in the second degree, on a felony murder theory, manslaughter in the first degree and criminal possession of a weapon in the second degree, and sentencing him to 20 years to life, concur-

rent with consecutive terms of 8⅓ to 25 years and 4 to 12 years, respectively, unanimously affirmed.

Defendant was observed by the victim's wife and other witnesses as he held the victim against a fence, pulled a gun and shot the victim in the chest.

Viewing the evidence in a light most favorable to the People, under the standards set forth in *People v Bleakley* (69 NY2d 490, 495), defendant's guilt of felony murder was proved beyond a reasonable doubt by overwhelming evidence. Despite the lack of evidence that defendant had explicitly demanded money or property *(see, People v Casanas,* 170 AD2d 257, *lv denied* 77 NY2d 959), the element of intent with respect to the underlying felony of robbery was manifest in defendant's conduct.

Defendant's challenge to the court's failure to respond to a jury note is unpreserved and we decline to review it in the interest of justice. Were we to review the claim, we would find it to be without merit. Deliberations started at 4:00 P.M. A first note, which did not indicate a time, requested reinstruction on the element of intent for criminal possession of a weapon in the second degree. A second note, indicating a time of 5:25 P.M., directed the court to "disregard our prior request," but requested instruction on the distinction between first and second degree manslaughter. The court promptly summoned the parties. As the court reconvened at 6:25 P.M., the court received a third note indicating that the jury had reached a verdict. The court advised defense counsel of all three notes, prevented the clerk from taking the verdict, and re-read the notes to the jury. Counsel never objected to any aspect of this procedure, never sought additional inquiry, and never requested that the notes be answered before the verdict was taken.

Counsel had ample opportunity to participate in the procedure and at no point objected or sought alternative arrangements. Concur—Sullivan, J. P., Wallach, Ross and Asch, JJ.