■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER DWIGHT, Also Known as MICHAEL ORLANDO, Appellant.—Judgment, Supreme Court, New York County (Nicholas Figueroa, J.) rendered February 21, 1991, convicting defendant, after a jury trial, of burglary in the second degree, and bail jumping in the second degree, and sentencing him as a second felony offender to consecutive terms of 3½ to 7 years and 1½ to 3 years, respectively, unanimously affirmed.

Defendant was apprehended by a security guard after he

left a hotel area which had signs of forced entry. Defendant was carrying numerous hotel tablecloths, a screwdriver, and a nut pick.

Viewing the evidence in a light most favorable to the People, under the standards set forth in *People v Bleakley* (69 NY2d 490, 495), defendant's guilt was proved beyond a reasonable doubt by overwhelming evidence.

Defendant's contention that there was insufficient evidence to sustain a finding that he was guilty of burglary in the second degree, since the part of the hotel building he entered was not used for residential purposes is without merit *(see,* Penal Law § 140.00 [2]; *People v Johnson,* 162 AD2d 267, *lv denied* 76 NY2d 894).

Viewing the evidence in a light most favorable to defendant, there is no reasonable view of the evidence which would support a factual finding that defendant committed a burglary, but that the premises were not a dwelling under Penal Law § 140.00 (2) and (3). Nor was there any reasonable view of the evidence that defendant committed criminal trespass, but lacked the intent to commit a crime upon entering the hotel. Defendant was apprehended while carrying burglar's tools, in proximity to a locked gate, which bore signs of forced entry, carrying stolen property. Thus, it was not error for the court to refuse to charge any lesser included offenses *(see, e.g., People v Evans,* 135 AD2d 648, *lv denied* 71 NY2d 895; *People v Lopez,* 176 AD2d 468, *lv denied* 79 NY2d 860; *People v McCarron,* 114 AD2d 977).

Defendant's remaining contentions are unpreserved, or are meritless. Concur—Sullivan, J. P., Carro, Wallach, Asch and Rubin, JJ.