■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN FENZA, Appellant. [604 NYS2d 217] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered August 27, 1991, convicting him of burglary in the third degree (two counts), and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he failed to receive adequate notice of the existence and content of a jury note is unpreserved for appellate review (see, People v Stewart, 81 NY2d 877). In any event, that contention is without merit.

The record is silent as to whether defense counsel was shown the jury's note prior to the jury having re-entered the courtroom, although the record does indicate that it was the trial court's practice to do so. The record does indicate that counsel had an opportunity to ask to see the note after having been informed of its existence, and had an opportunity to request that the contents thereof be discussed prior to the time that the trial court responded thereto. Thus, the trial court's conduct conformed to the requirements of CPL 310.30.

The defendant's claim that the trial court violated CPL 310.70 (1) (b) in responding to the jury's note is also without merit. The defendant having failed to avail himself of the opportunity to seek a clarification of the note's ambiguity as to whether or not a partial verdict had been reached, he cannot now be heard to complain as to the manner in which the court handled the jury's inquiry (see, Matter of Oliver v Justices of N. Y. Supreme Ct., 36 NY2d 53, 58-59).

The sentence imposed was neither unduly harsh nor excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review (see, CPL 470.05 [2]), and, in any event, does not warrant reversal. Bracken, J. P., Miller, Lawrence and Pizzuto, JJ., concur.