■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE PAUL, Also Known as SAMUEL PAGE, Appellant. [612 NYS2d 133] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered December 6, 1991, convicting defendant, after a jury trial, of two counts of burglary in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, to run consecutively to a term of 2½ to 5 years imposed on an unrelated conviction, unanimously affirmed.

Defendant's claim that the evidence was insufficient to prove burglary in the second degree since the premises he was accused of entering was a warehouse, not a dwelling, is without merit, there being overwhelming evidence that families use at least two floors of the building in which the warehouse is located as overnight lodgings, making the warehouse part of a "dwelling" within the meaning of Penal Law § 140.00 (3) (see, People v Dwight, 189 AD2d 566, lv denied 81 NY2d 885; People v Rohena, 186 AD2d 509, lv denied 81 NY2d 794; People v Johnson, 162 AD2d 267, 268, lv denied 76 NY2d

894). Defendant's other claim that the court improperly accepted a verdict on one count of the indictment without first responding to a jury note requesting instruction on the legal definition of burglary in the second degree has not been preserved for review as a matter of law by timely objection (CPL 470.05 [2]; *People v Conlan,* 188 AD2d 429, 430, *lv denied* 81 NY2d 969), and we decline to review it in the interest of justice. If we were to review it, we would find that defendant was not " 'seriously prejudice[d]' " by the court's failure to respond to the note before accepting the verdict *(People v Agosto,* 73 NY2d 963, 966). Concur—Murphy, P. J., Rosenberger, Kupferman, Ross and Tom, JJ.