■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX FIGUEROA, Appellant. [613 NYS2d 301] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that Supreme Court erred in permitting testimony by complainants that they considered the room from which their radio was stolen to be part of their "home". The room adjoined their apartment and was exclusively occupied and used by them as an "art room" and for the storage of personal belongings. The testimony of complainants was factual and did not constitute improper opinion *(cf., People v Vizzini,* 183 AD2d 302, 307).

We also conclude that the evidence, viewed in the light most favorable to the People, is legally sufficient to support defendant's conviction of second degree burglary (Penal Law § 140.25 [2]; *see, People v Contes,* 60 NY2d 620, 621). The jury properly determined that the art room was part of a "dwelling" within the meaning of Penal Law § 140.00 (3); that it was "a part of the main building" under Penal Law § 140.00 (2); that the main building was used for dwelling purposes *(see, People v Green,* 141 AD2d 760, *lv denied* 73 NY2d 786; *People v Ivory,* 99 AD2d 154); and that defendant unlawfully entered the building with the intent to commit a crime *(see, People v Barnes,* 50 NY2d 375, 381; *People v McCrea,* 194 AD2d 742, *lv denied* 82 NY2d 756).

Finally, we reject the contention of defendant that his sentence is harsh and excessive. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Burglary, 2nd Degree.) Present—Green, J. P., Pine, Balio, Callahan and Boehm, JJ.