■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EBELIO RIOS, Appellant. [626 NYS2d 515] —Appeal by the defendant from a judgment of the Supreme Court, Queens County

(Clabby, J.), rendered March 24, 1992, convicting him of burglary in the second degree, robbery in the third degree, criminal mischief in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After approximately six hours of deliberations, the jury advised the trial court that it had reached a verdict as to one count of the indictment, but that it was deadlocked on the three remaining counts. The court declined to accept the partial verdict, and instructed the jury to "go back for further deliberations". On appeal, the defendant contends that the court committed reversible error because it failed to specifically charge the jury "to resume its deliberation upon the entire case" as required by CPL 310.70. However, having failed to register any objection to the court's instruction, the defendant's claim is unpreserved for appellate review, and he cannot now be heard to complain that the court failed to clearly inform the jury that its further deliberations should be upon the entire case, including the one count upon which they had previously agreed (see, CPL 470.05 [2]; *Matter of Oliver v Justices of N. Y. Supreme Ct.*, 36 NY2d 53, 58-59; *People v Fenza*, 198 AD2d 517, 518). We note that the alleged deficiency in the court's supplemental instruction is not one which implicates the organization of the court or the mode of proceedings prescribed by law, and thus does not fall within the narrow class of error which need not be preserved for appellate review by timely objection (see, *People v Ahmed*, 66 NY2d 307; *People v Udzinski*, 146 AD2d 245, 249).

There is no merit to the defendant's contention that the court erred in responding affirmatively to the jury's inquiry concerning whether a "vestibule" could be considered part of a dwelling (see, Penal Law § 140.00 [3]; *People v Paul*, 204 AD2d 205; *People v Rohena*, 186 AD2d 509; *People v Santana*, 143 AD2d 207; *People v Ivory*, 99 AD2d 154).

We reject the defendant's assertion that he was denied the effective assistance of counsel. The evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that the defendant received meaningful assistance from his trial counsel (see, *People v Baldi*, 54 NY2d 137, 147). Miller, J. P., Pizzuto, Joy and Krausman, JJ., concur.