■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO DELCARPIO, Also Known as ANTONIO DELGARDIO, Appellant. [632 NYS2d 790] —Judgment, Supreme Court, New York County (Paul Bookson, J.), rendered September 3, 1992, convicting defendant, after a jury trial, of attempted murder in the second degree, burglary in the first degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 6 to 18 years, 10 to 20 years and 2 to 6 years, respectively, unanimously affirmed.

Evidence at trial was that defendant and an unapprehended accomplice were hiding on a staircase in the complainant's building shortly after midnight, when the complainant and his companion returned from work. The complainant noticed that the usually locked outer door to the building had been left open and that the lock cylinder, which had recently been repaired, had been removed, prompting the complainant, who had recently been robbed in the building, to place his licensed handgun within reach. When the complainant reached the landing near his family residence, defendant rushed him, firing at him, and the complainant fired back. Viewed in a light most favorable to the People, such evidence was legally sufficient to prove defendant's unlawful entry into the building and his intent to commit a crime therein (*People v Jenkins*, 213 AD2d 279, *lv denied* 85 NY2d 974), despite the absence of direct evidence of a forcible entry (*People v Cozzetto*, 142 AD2d 684), and regardless of whether the door had been closed but not locked (*People v Agostinello*, 191 AD2d 639, *lv denied* 81 NY2d 1069) or whether an ordinarily locked door was left open inadvertently (*People v Johnson*, 162 AD2d 267, *lv denied* 76 NY2d 894). We find no reason to disturb the jury's rejection of defendant's explanation for the presence in the building.

Defendant's claim that the People's evidence intruded a justification defense into the case that they failed to disprove beyond a reasonable doubt was not raised on his motion for a trial order of dismissal, and thus was not preserved for appellate review as a matter of law (*People v Gray*, 86 NY2d 10). We decline to review in the interest of justice as the credible evidence does not support defendant's present claim that his presence in the building was innocent and that he fired at the complainant, whom he did not know, in self-defense. Also unpreserved, and in any event without merit, is defendant's challenge to the interested witness instruction (*People v Hickey*, 162 AD2d 708, 709, *lv denied* 76 NY2d 858). In the circumstances, we do not find the sentence to be excessive, as argued by defendant. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Nardelli, JJ.