OPINION OF THE COURT
Budd G. Goodman, J.
The defendant was indicted on November 2, 1995 for the crimes of burglary in the second degree (Penal Law § 140.25 [2]) and possession of burglar’s tools (Penal Law § 140.35).
The defendant, in his omnibus motion, has moved pursuant to CPL 210.20 to either (i) dismiss the indictment or (ii) reduce the charge to burglary in the third degree, on the ground that insufficient evidence was presented by the People to the Grand Jury to sustain the charge of burglary in the second degree. In the instant case, the defendant is charged with burglary in the *318 second degree under the theory contained in subdivision (2) of Penal Law § 140.25, to wit, that the building that the defendant allegedly unlawfully entered was a dwelling. The defendant claims that the premises into which he allegedly unlawfully entered does not fall within the definition of dwelling (Penal Law § 140.00 [3]), since it is a church. The court finds the defendant’s claim to be without merit.
FINDINGS OF FACT
On October 22, 1995, at approximately 11:30 p.m., the police responded to a 911 call of a burglary in progress at the Holy Trinity Episcopal Church located at 20 Gumming Street in the Borough of Manhattan. Upon their arrival at the church, the police observed the defendant climbing over a gate which secures the church property. The police observed that the defendant was stuck on the top of the gate and that certain items were falling out from the defendant’s clothing to the sidewalk below. The police assisted the defendant to free himself from the gate. Once the defendant was on the sidewalk, the police searched him and recovered, among other things, rosary beads, a necklace, pens and a pen case, a passport and a calculator. In addition, a screwdriver was recovered from the back pocket of the defendant’s pants and a knife was recovered from the lining of the defendant’s jacket. The police observed that a basement window, located just within the area secured by the gate that the defendant had been observed climbing over, was shattered. The shattered basement window leads to a storage room of the church, where the property recovered from the defendant had been stored. The storage room is locked from the outside, thereby preventing one who is locked inside the storage to obtain access to the rest of the church building. The church was occupied at the time by the priest of the church and the church’s sexton, his wife and four children. All of the foregoing persons use the church as their residences on a permanent basis.
CONCLUSIONS OF LAW
When a portion of a building is utilized for overnight lodging that building is considered to be a dwelling pursuant to the meaning of the Penal Law. (Penal Law § 140.00 [2], [3]; People v Paul, 204 AD2d 205; People v Dwight, 189 AD2d 566; People v Rohena, 186 AD2d 509; People v Figueroa, 204 AD2d 972.)
In the case at bar, the premises into which the defendant unlawfully entered was a church which several persons used *319 as their residences. As such, there can be no doubt under these factual circumstances that the church building constitutes a dwelling within the meaning of Penal Law § 140.00 (2), (3). (See, State v Hendrickson, 528 NW2d 263 [Minn App 1995].) In addition, the storage room which the defendant allegedly burglarized constituted a part of a dwelling, in that it was a part of the main building that was used for dwelling purposes. (See, People v Green, 141 AD2d 760, Iv denied 73 NY2d 786.) Section 140.00 (2) of the Penal Law specifically provides that "Where a building consists of two or more units separately secured or occupied, each unit shall be deemed both a separate building in itself and a part of the main building.” Thus, as in People v Rohena (supra), the fact that in the instant case the remainder of the building in which the storage room was located was occupied by persons residing therein at night establishes that the storage room was a part of a dwelling. (See, People v Green, supra, at 761; People v Ivory, 99 AD2d 154.)
Accordingly, the court finds that a sufficient basis exists to sustain the Grand Jury’s indictment of the defendant on the charge of burglary in the second degree and, thus, the defendant’s motion to dismiss or reduce the indictment is hereby denied. The court denies the defendant’s request to review the minutes of the Grand Jury.
With respect to the defendant’s request for a bill of particulars and discovery, such is granted to the extent supplied by the People in their answering affirmation and voluntary disclosure form. However, if the defendant believes that any response to his demand for discovery or his request for a bill of particulars is inadequate, he may move to reargue within 10 days of the serving of a copy of this pretrial decision and order.
The defendant is hereby directed to comply with the People’s demand for discovery or be precluded as to each item sought.
Defendant’s motion for production of material pursuant to Brady v Maryland (373 US 83) is hereby granted with respect to exculpatory material within the People’s possession. The People are reminded of their continuing obligation to disclose exculpatory material and if in doubt as to whether an item is disclosable, such material should be submitted to the court for an in camera inspection.
The balance of the defendant’s omnibus motion is disposed of as follows: (i) the defendant’s request for a Huntley hearing is granted only as to the issue of voluntariness, but is denied on Dunaway grounds (GPL 710.60 [3] [b]; People v Mendoza, 82 *320 NY2d 415); (ii) the defendant’s request for a Dunaway hearing with respect to the tangible evidence seized by the police is denied, in that the defendant has failed to allege sufficient sworn allegations of fact in his motion to warrant the granting of a hearing including, but not limited to, establishing standing with respect to the tangible evidence seized (CPL 710.60 [3] [b]; People v Mendoza, supra; People v Collins, NYLJ, Feb. 7, 1996, at 26, col 3); and (iii) the defendant’s request for a Sandoval hearing is granted and shall be held immediately prior to jury selection.