■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN MALDONADO, Appellant. [807 NYS2d 87]—

Judgment, Supreme Court, Bronx County (Edward M. Davidowitz, J.), rendered October 23, 2003, convicting defendant, after a jury trial, of robbery in the first degree (two counts) and robbery in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 25 years, 25 years and 3½ to 7 years, respectively, unanimously affirmed.

The prosecutor's summation comment concerning the relationship between the two robberies for which defendant was being tried, and the trial court's jury instruction on this subject, were proper in light of the similarities between the two crimes (*see e.g. People v Jason*, 190 AD2d 689 [1993], *lv denied* 81 NY2d 1015 [1993]).

A succession of attorneys represented defendant during most of the time in which his case was pending before the grand jury, and the record fails to support his claim that he was without counsel. Defendant's claims concerning his attempt to testify before the grand jury, and the subsequent motion practice on that issue, do not warrant reversal (*see People v Wiggins*, 89 NY2d 872 [1996]).

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]). Defendant's theft-related convictions were highly relevant to his credibility and therefore admissible, even though he was being tried for robbery (*see e.g. People v Johnson*, 277 AD2d 177 [2000], *lv denied* 96 NY2d 784 [2001]), and none of his convictions was excessively remote in time (*see e.g. People v Starke*, 237 AD2d 225, 226 [1997], *lv denied* 90 NY2d 911 [1997]).

Trial counsel provided effective assistance under the state

and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Although counsel did not move to reopen the *Wade* hearing upon learning that one of the robbery victims had described defendant as wearing a blue shirt, the same color he wore at a lineup, this did not deprive defendant of effective assistance. Such a motion would not have resulted in suppression (*see e.g. People v Shorter*, 275 AD2d 253, 254 [2000], *lv denied* 95 NY2d 969 [2000]). The blue shirt was not so distinctive as to draw attention to defendant (*see People v Santos*, 250 AD2d 413, 414 [1998], *lv denied* 92 NY2d 905 [1998], *cert denied* 525 US 1076 [1999]); moreover, one of the fillers also wore a blue shirt.

Defendant's procedural challenge to his sentence is unpreserved (*see People v Samms*, 95 NY2d 52, 57-58 [2000]), and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be unreviewable for lack of a sufficient record (*see People v Kinchen*, 60 NY2d 772 [1983]), and meritless in any event (*see People v Rodriguez*, 197 AD2d 355 [1993], *lv denied* 82 NY2d 902 [1993]; *see also* Code of Judicial Conduct Canon 3 [B] [6] [c]).

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Andrias, Marlow, Gonzalez and Sweeny, JJ.