■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGGIE BROWN, Also Known as KENNY TAYLOR, Appellant. [827 NYS2d 45]—

Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered May 25, 2005, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Although at the suppression hearing an officer testified that he arrested defendant upon a description that included a gray sweatshirt, whereas at trial the undercover officer testified that she transmitted a description that did not include the sweatshirt, counsel's failure to request a reopening of the hearing did not deprive defendant of effective assistance (see People v Maldonado, 25 AD3d 423, 424 [2006], lv denied 6 NY3d 836 [2006]). The new information would not have resulted in suppression, since the gray sweatshirt was not a critical part of the description, which included a Yankees jacket and other clothing items, and since defendant was the only person in the vicinity wearing a Yankees jacket (see e.g. People v Rampersant, 272 AD2d 202 [2000], lv denied 95 NY2d 870 [2000]). Nor did counsel render ineffective assistance when the jury first returned a verdict sheet, which suggested that two of the jurors may have initially voted to acquit. While counsel did not follow through on his initial application to have the jury polled, the jury was, in any event, directed to resume deliberations so as to assure that the verdict was unanimous, which would have been the case had the jurors been individually polled and any of them

expressed disagreement with the verdict (CPL 310.80). Moreover, when the jury finally reached a verdict, the court conducted a poll that established the verdict's unanimity. Thus, even if we were to find that counsel should have requested reopening of the suppression hearing, as well as polling of the jury at the time of the verdict sheet at issue, we would nevertheless find that these omissions did not deprive defendant of a fair trial or cause him any prejudice.

Defendant's arguments for a reduced penalty under the Drug Law Reform Act (L 2004, ch 738) are without merit (*People v Utsey*, 7 NY3d 398 [2006]). Concur—Friedman, J.P., Nardelli, Gonzalez, Catterson and Kavanagh, JJ.