◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAVON GRAYER, Appellant. [903 NYS2d 260]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered April 30, 2008, convicting him of burglary in the second degree, sexual abuse in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The defendant's contention that his conviction for burglary in the second degree must be vacated because the People failed to prove that the incident at issue occurred in a dwelling is without merit (*see Matter of Ryan R.*, 254 AD2d 49, 50 [1998]; *People v Delcarpio*, 220 AD2d 341, 342 [1995]; *People v Johnson*, 162 AD2d 267 [1990]; *cf. People v Maisonet*, 304 AD2d 674, 675 [2003]).

The defendant's contentions that the evidence was legally insufficient to establish his identity and to establish that the complainant sustained physical injury are unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484 [2008]; *People v Reyes*, 60 AD3d 873, 875 [2009]; *People v Mebane*, 70 AD3d 724, 725 [2010]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), it was legally sufficient to establish his identity as the person who committed the crimes and to establish that the complainant sustained physical injury as defined by Penal Law § 10.00 (9). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]); *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of

guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the lineup was not unduly suggestive (*see People v Ortiz*, 61 AD3d 1003 [2009]; *People v Maldonado*, 25 AD3d 423, 424 [2006]; *People v Saunders*, 306 AD2d 502, 502-503 [2003]; *People v Larkin*, 260 AD2d 403 [1999]; *People v Saez*, 233 AD2d 121, 122 [1996]; *People v Pinckney*, 220 AD2d 539 [1995]; *People v Harvall*, 196 AD2d 553, 554 [1993]; *People v Middleton*, 128 AD2d 554 [1987]).

The defendant's remaining contention is unpreserved for appellate review. Dillon, J.P., Miller, Eng and Chambers, JJ., concur.