246 P.3d 532 (2011)
2011 UT App 4
STATE of Utah, Plaintiff and Appellee,
v.
Joel Scott McNEARNEY, Defendant and Appellant.
No. 20090463-CA.
Court of Appeals of Utah.
January 6, 2011.
*533 Debra M. Nelson and Tawni Hanseen, Salt Lake City, for Appellant.
Mark L. Shurtleff and Kenneth A. Bronston, Salt Lake City, for Appellee.
Before Judges DAVIS, THORNE, and ROTH.

OPINION
THORNE, Judge:
¶ 1 Joel Scott McNearney appeals from his second degree felony conviction on one count of burglary of a dwelling, see Utah Code Ann. § 76-6-202(2) (2008), arguing that the building that he was convicted of burglarizing does not meet the statutory definition of a dwelling, see id. § 76-6-201(2). We agree, and accordingly we vacate McNearney's conviction and remand this case to the district court with directions.

BACKGROUND
¶ 2 In January 2008, McNearney was arrested at the scene of a break-in at a recently constructed and as yet unoccupied house. McNearney was subsequently charged with one count of burglary of a dwelling.
¶ 3 At trial, it was uncontested that the house had never been occupied when McNearney burglarized it. The owner of the house testified that he had built the house next door to his own residence with the intent of selling it. At the time of the burglary, construction of the house had been finished for approximately eight months and the house was "totally functional," with "all the appliances in, except a fridge." The house had been on the market for approximately four months and had been shown to various potential buyers.
¶ 4 At the close of the State's evidence, McNearney moved for a directed verdict to reduce the burglary charge from a second to a third degree felony, arguing that the unoccupied house did not constitute a dwelling for purposes of the burglary statute as interpreted by State v. Cox, 826 P.2d 656 (Utah Ct.App.1992). The district court denied McNearney's motion, agreeing with the State that Cox had defined dwellings in terms of the "type of structure" rather than in terms of actual occupancy. The district court later explained its rationale for denying the motion: "I read Cox and its progeny as not requiring that the dwelling actually be inhabited, only that the purpose for which the dwelling is created is that it be habitable." Based on this interpretation, the district court also denied McNearney's request for a jury instruction that would have allowed the jury to consider a third degree felony burglary conviction if it found that the house was not a dwelling. The jury convicted McNearney of second degree felony burglary, and he now appeals.

ISSUES AND STANDARDS OF REVIEW
¶ 5 McNearney argues on appeal that the district court erred in denying his motion for directed verdict and failing to instruct the jury on the lesser included offense of burglary of a building. Both of McNearney's arguments present questions of statutory interpretation as regards the Utah Code's definition of a dwelling. See generally Utah Code Ann. § 76-6-201(2). Statutory interpretation questions are questions of law, which we review for correctness. See State v. Garcia, 2010 UT App 196, ¶ 11, 236 P.3d 853.

ANALYSIS
¶ 6 Burglary is a third degree felony under Utah law unless it is committed in a dwelling, in which case it is a second degree felony. See Utah Code Ann. § 76-6-202(2) (2008). Utah Code section 76-6-201(2) defines a dwelling as "a building which is usually occupied *534 by a person lodging in the building at night, whether or not a person is actually present." See id. § 76-6-201(2). McNearney argues on appeal that the never-occupied house that he burglarized does not meet the definition of a dwelling as a matter of law and that the district court therefore erred in denying his motion for a directed verdict on the dwelling issue. We agree.
¶ 7 As recognized by the parties and the district court, State v. Cox, 826 P.2d 656 (Utah Ct.App.1992), is the leading Utah case on the question of when a building constitutes a dwelling.[1] In Cox, the defendant burglarized a sporadically used cabin located in the La Sal Mountains of San Juan County. See id. at 657-58. The cabin's owner testified that no one lived in the cabin on a daily basis, that it was occupied less than fifty percent of the time, and that he spent two or three days a week there. See id. at 658.
¶ 8 On appeal, the defendant in Cox argued that the cabin did not meet the statutory definition of a dwelling. See id. at 662. See generally Utah Code Ann. § 76-6-201(2). The Cox court rejected the defendant's argument. Interpreting the plain language of the statutory definition, the court ruled,
The term "usually occupied" refers to the purpose for which the structure is used. If the structure is one in which people typically stay overnight, it fits within the definition of dwelling under the burglary statute. A similar Michigan statute, referring to an "occupied dwelling," was considered in People v. McClain, 105 Mich.App. 323, 306 N.W.2d 497, 499 (1981). The court concluded that the term included a house under construction in which the owner slept only on weekends and holidays, noting the possibility of confrontation between the owner and an intruder. Likewise, our second degree burglary statute is intended to protect people while in places where they are likely to be living and sleeping overnight, as opposed to protecting property in buildings such as stores, business offices, or garages.
Cox, 826 P.2d at 662 (citation omitted). The court then held that the cabin was a dwelling and that the defendant was therefore properly charged with second degree felony burglary. See id.
¶ 9 We disagree with the district court's conclusion that Cox made a structure's type, or the purpose for which it was built, the determining factor in applying the dwelling definition. To the contrary, Cox spoke of "the purpose for which the structure is used," id. (emphasis added), and whether "the structure is one in which people typically stay overnight," id. (emphasis added). Thus, the focus under Cox is on the actual use of the particular structure that is burglarized, not on the usual use of similar types of structures. See id.; see also State v. Cates, 2000 UT App 256U, para. 4, 2000 WL 33244184 (mem.) (holding that a camping trailer rented for the fall deer hunt "was equipped for overnight lodging, and was, when rented and parked, `usually occupied by a person lodging therein at night'" (emphasis added) (quoting Utah Code Ann. § 76-6-201(2) (1999))). Although Cox made clear that continuous and current occupation is not needed, it did not address the fact situation here.
¶ 10 In the present circumstances, it is determinative under Cox that the particular structure that McNearney burglarized had never been occupied or used for overnight lodging. In light of this undisputed fact, we can say as a matter of law that the house was not "usually occupied by a person lodging [therein] at night," see Utah Code Ann. § 76-6-201(2) (2008), and that the purpose for which it was being used at the time of the burglary was not overnight dwelling. See generally Cox, 826 P.2d at 662. Rather, as an empty, never-occupied house for sale on the retail market, it was much more analogous to the "stores, business offices, or garages" that Cox concluded were not entitled to enhanced protection as dwellings under the statute. See id. Under these circumstances,[2] *535 we agree with McNearney that the district court should have entered a directed verdict determining that the house was not a dwelling and reducing the charge against him to third degree felony burglary of a building.[3]

CONCLUSION
¶ 11 We conclude that the never-occupied house that McNearney burglarized does not, as a matter of law, meet the definition of a dwelling for purposes of Utah's burglary statute. Accordingly, the district court erred in denying McNearney's motion for a directed verdict to reduce the charge from burglary of a dwelling to burglary of a building. We vacate McNearney's conviction and remand this matter for entry of a conviction on one count of burglary of a building, a third degree felony, see Utah Code Ann. § 76-6-202(1)-(2) (2008).
¶ 12 WE CONCUR: JAMES Z. DAVIS, Presiding Judge, and STEPHEN L. ROTH, Judge.
NOTES
[1] This court has since issued three unpublished memorandum decisions applying the analysis of State v. Cox, 826 P.2d 656 (Utah Ct.App.1992), to the dwelling question. See State v. Hale, 2006 UT App 434U, 2006 WL 2979732 (mem.); State v. Oakley, 2005 UT App 89U, 2005 WL 434500 (mem.) (per curiam); State v. Cates, 2000 UT App 256U, 2000 WL 33244184 (mem.).
[2] The determinative fact in this case is that the house had never been occupied. We do not address today situations where a house has been occupied in the past but, for whatever reason, has become unoccupied by the time it is burglarized. To the extent that the current definition of a dwelling may not clearly address such situations, we invite the Utah Legislature to revisit the dwelling definition to provide clarity in this area.
[3] Because we resolve this case on McNearney's directed verdict argument, we do not reach his argument that he was entitled to a jury instruction on burglary of a building as a lesser included offense.