IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20110176-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (August 2, 2012) |
| Phillip J. Francis, | ) | |
| | ) | 2012 UT App 215 |
| Defendant and Appellant. | ) | |

-----

Second District, Ogden Department, 101901464
The Honorable Michael D. DiReda

Attorneys:    Samuel P. Newton, Kalispell, Montana, for Appellant
              Mark L. Shurtleff and Karen A. Klucznik, Salt Lake City, for Appellee

-----

Before Judges McHugh, Voros, and Roth.

VOROS, Associate Presiding Judge:

¶1     Defendant Philip J. Francis appeals his conviction for burglary of a dwelling on the ground that the church he burglarized does not qualify as a dwelling. We affirm.

¶2     Francis was convicted of one count of burglary of a dwelling, a second degree felony under Utah Code section 76-6-202, in connection with his unauthorized entry into a church in Ogden, Utah. *See* Utah Code Ann. § 76-6-202 (2008). The church opens into a split entry and has two levels, each accessible from the other. The main floor contains classrooms, a sanctuary, and an office. The basement contains a kitchen, restrooms, and two bedrooms. A church caretaker lives in one of the bedrooms.

¶3     Francis contends that the church does not satisfy the statutory definition of a dwelling. This claim presents a question of statutory interpretation, an issue of law that we review for correctness without deference to the trial court. *See State v. Garcia*, 2010 UT App 196, ¶ 11, 236 P.3d 853, *cert. denied*, 247 P.3d 774 (Utah 2011).

¶4     Under Utah law, burglary is a third degree felony "unless it was committed in a dwelling, in which event it is a felony of the second degree." Utah Code Ann. § 76-6-202(2). A "dwelling" is a "building which is usually occupied by a person lodging in the building at night, whether or not a person is actually present." *Id.* § 76-6-201(2).

¶5     Francis contends that, to fall within this definition, "a structure must . . . be the type of structure that typically houses overnight guests." Thus, he argues, "If someone burglarizes a structure in which people do not typically sleep—a garage, office, or a church—then he would receive a third degree burglary, again regardless of whether a person actually sleeps there."[1]

¶6     Francis's argument is foreclosed by this court's holding in *State v. McNearney*, 2011 UT App 4, 246 P.3d 532. *See id.* ¶¶ 9–11 (concluding that a new, never-occupied house is not a dwelling). In *McNearney*, we rejected the view that "a structure's type, or the purpose for which it was built, [is] the determining factor in applying the dwelling definition." *Id.* ¶ 9. Instead, we emphasized that the key inquiry is "the actual use of the particular structure that is burglarized, not the usual use of similar types of structures." *Id.* Thus, it is not the nature of the structure, but rather its use that is determinative. *See People v. Ryan*, 644 N.Y.S. 2d 118 (N.Y. Sup. Ct. 1996) (concluding,

---

[1]Francis also states that distinguishing structures based on "the status of an overnight guest" "appears to violate equal protection of the United States and Utah Constitutions since it does not apply equally to all similarly situated defendants." We do not read this single sentence as asserting a claim under either the state or federal constitutions. If Francis does intend for this sentence to make a constitutional claim, the claim is unpreserved and inadequately briefed. We therefore decline to address its merits. *See Brigham City v. Stuart*, 2005 UT 13, ¶ 14, 122 P.3d 506 ("[W]e are resolute in our refusal to take up constitutional issues which have not been properly preserved, framed and briefed . . . ."), *rev'd on other grounds*, 547 U.S. 398 (2006).

under a similar New York burglary statute, that a church in which several people lived was a dwelling).

¶7    Because the church Francis burglarized "is usually occupied by a person lodging in the building at night," it is a dwelling for purposes of the burglary statute. *See* Utah Code Ann. §§ 76-6-201 to -202 (2008). Thus, when Francis burglarized the main floor of the church, he burglarized a dwelling.[2]

¶8    Affirmed.

_____

J. Frederic Voros Jr.,
Associate Presiding Judge

-----

¶9    WE CONCUR:

_____

Carolyn B. McHugh,
Presiding Judge

_____

Stephen L. Roth, Judge

---

[2]We do not consider Francis's argument based on Utah Code section § 76-6-201(1)(a)(i), *see* Utah Code Ann. § 76-6-201(1)(a)(i) (2008) (defining "building" as including "each separately secured or occupied portion of the structure or vehicle"), as it was raised for the first time in oral argument. *See In re Gregory,* 2011 UT App 170, ¶ 10, 257 P.3d 495 ("We will not reverse based on an unbriefed argument raised for the first time at oral argument."), *cert. denied*, 262 P.3d 1187 (Utah 2011).