■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIONEL McCRAY, Appellant. [958 NYS2d 148]—

Judgment, Supreme Court, New York County (Patricia M. Nunez, J.), rendered September 2, 2010, as amended October 28, 2010, convicting defendant, after a jury trial, of two counts of burglary in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 15 years, unanimously affirmed.

The verdict was based on legally sufficient evidence. Defendant was properly convicted of two counts of second-degree burglary under Penal Law § 140.25 (2) based on his entries into a hotel's employee locker room and a museum located in the same building as the hotel.

Each location constituted a dwelling within the meaning of the burglary statute. A building is a dwelling if it is "usually occupied by a person lodging therein at night" (Penal Law § 140.00 [3]). Where, as here, "a building consists of two or more units separately secured or occupied, each unit shall be deemed both a separate building in itself and part of the main building" (Penal Law § 140.00 [2]; *see also People v Quattlebaum*, 91 NY2d 744 [1998]).

It is of no consequence that the employee locker room of the hotel was not used for residential purposes (*see People v Dwight*, 189 AD2d 566 [1st Dept 1993], *lv denied* 81 NY2d 885 [1993]). Similarly, the museum, which was "under the same roof" as the hotel, is a dwelling irrespective of whether there was "internal communication" between the two (*Quattlebaum*, 91 NY2d at 747).

The court's imposition of consecutive sentences was lawful.

Defendant committed two separate and distinct acts of burglary because his acts "impacted different victims, were separated by place and were temporally differentiated, though in part overlapping" (*People v Brown*, 80 NY2d 361, 364 [1992]). Concur—Friedman J.P., Renwick, DeGrasse, Román, JJ.