■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR CORPORAN, Appellant.—Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered March 8, 1988, convicting him, after a jury trial, of manslaughter in the first degree and sentencing him, as a second felony offender, to an indeterminate prison term of from 7½ to 15 years, unanimously affirmed.

John Bowden testified that he observed the defendant, whom he knew, strike the victim James Jordon in the chest, causing Jordon to buckle over. Medical evidence revealed that Jordon had been stabbed with a sharp instrument, which eventually caused his death. Bowden, an admitted male prostitute and drug abuser, selected defendant's photographs out of hundreds of others contained in the Police Department's "Catch Unit" after being picked up for loitering two weeks following the attack on Jordon. Approximately one month after the stabbing of Jordon, Bowden, while in the company of police, recognized the defendant on a street corner. Defendant was arrested and placed in a holding cell at the 34th Precinct station house. During a roll call taken of detainees in the holding cell area, defendant, in response to Police Officer Frederick Nelthorpe's call "Victor Corporan [the defendant] charged with murder" the defendant responded "I killed a court officer. He'll never humiliate me again". The evidence at trial established that James Jordon was in fact a court officer.

There is no merit to the argument that the verdict is unsupported by the weight of the evidence. Defendant alleges irreconcilable inconsistency in the testimony of eyewitness Bowden and questionable recollective abilities on the part of Police Officer Nelthorpe. We note that credibility determinations of the fact finder are entitled to great deference *(People v Bleakley,* 69 NY2d 490), and should not be disturbed unless manifestly erroneous and so plainly unjustified by the evidence that rejection is required in the interest of justice *(People v Smith,* 77 AD2d 544). The record evidence indicates eyewitness Bowden's testimony was consistent, corroborated

by the medical evidence submitted and reinforced by the plainly credible and unwavering testimony of Police Officer Nelthorpe.

Defendant's eve-of-trial oral request for a *Wade* hearing was properly denied on the ground that the prior relationship between witness Bowden and the defendant obviated the need for a *Wade* hearing *(People v Tas,* 51 NY2d 915).

Additionally, the hearing court properly denied defendant's *Huntley* motion on the grounds that his statement to Officer Nelthorpe was a spontaneous response to an otherwise ministerial procedure, and not the product of custodial interrogation *(see, Rhode Is. v Innis,* 446 US 291).

We have examined defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Wallach, Smith and Rubin, JJ.