■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL FOWLER, Appellant. [596 NYS2d 411] —Judgment, Supreme Court, New York County (James Leff, J.), rendered February 27, 1991, convicting defendant, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second and third degrees, and two counts of assault in the second degree, and sentencing him to concurrent indeterminate terms of imprisonment of from twenty-five years to life, five to fifteen years, and two to six years (three terms), unanimously modified, on the law and on the facts and as a matter of discretion in the interest of justice, to reverse the sentence of twenty-five years to life on the conviction of murder in the second degree and to sentence defendant instead to a term of seventeen and one-half years to life thereon, and, except as thus modified, affirmed.

Contrary to defendant's claim on appeal, the evidence was sufficient to convict and the verdict was not against the weight of the evidence. The jury could properly credit the testimony of two eyewitnesses, who testified they knew defendant from the neighborhood and were present when he fatally shot the victim. Moreover, they both knew defendant by his nickname, and agreed on how he was dressed at the time of the shooting. The eyewitness who identified defendant in a lineup only days after the killing testified that defendant's hairstyle and complexion differed from those of another potential suspect, who had been near the murder scene at the time of the shooting. Accordingly, we do not find any basis upon which to interfere with the verdict (see, People v Corporan, 169 AD2d 643, lv denied 77 NY2d 959). Defendant's objection to portions of the prosecutor's summation is without merit be-

cause the statements objected to constituted fair comment on the evidence.

After the close of the People's case, defendant offered to take an *Alford* plea in exchange for a previously tendered offer of four to twelve years. While the prosecutor took no position, the trial court indicated that the sentence on any plea at that time would be eight and one-third to twenty-five years. Defendant declined to plead on that basis and was subsequently convicted of all the charges in the indictment. After defendant presented his case, which consisted of alibi testimony and the court reviewed the pre-sentence report and heard defendant at sentence, it sentenced him to twenty-five years to life on the murder conviction. At the time of sentence, defendant was twenty years of age and had no adult record, although he had been arrested in Washington, D.C., for a drug offense and treated as a juvenile delinquent and had a pending attempted murder charge, which has since been disposed of. Given the significant disparity between the eight and one-third to twenty-five year sentence offered by the court at the end of the People's case and the actual sentence of twenty-five years to life and the fact that the court knew as much about the case at the time of the final offer as it did at sentence, we find the sentence to be excessive to the extent indicated and modify accordingly. In this case, the probation report only confirmed what the court already knew, i.e., that the crime was drug motivated. Concur—Sullivan, J. P., Carro, Ellerin and Rubin, JJ.