■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIOVANNI LINARES, Appellant. [621 NYS2d 555] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered November 6, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a second felony offender, to 7 to 14 years, unanimously affirmed.

Contrary to defendant's contention, the verdict was not against the weight of the evidence because of certain minor inconsistencies in the officers' testimony. Credibility determinations of the fact-finder are entitled to great deference and should not be disturbed unless manifestly erroneous and so plainly unjustified by the evidence that rejection is required in the interest of justice (People v Corporan, 169 AD2d 643, lv denied 77 NY2d 959). The record reveals that the undercover officer's detailed, consistent testimony was sufficiently corroborated by the arresting officer and the police chemist.

The only comment of the prosecutor objected to by defense counsel during summations was sustained and a curative instruction was provided. Since defendant did not object to the remaining comments, to the curative instruction provided, and did not request additional instructions, his current challenge to the prosecutor's summation has not been preserved for appellate review as a matter of law (People v Comer, 73 NY2d 955), and we decline to reach it in the interest of justice.

Finally, in light of defendant's prior record and failure to alter his criminal lifestyle, the sentence imposed did not constitute an abuse of discretion. Concur—Sullivan, J. P., Rosenberger, Nardelli and Williams, JJ.