■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS FIGUEROA, Appellant. [631 NYS2d 331] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered October 15, 1993, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a second violent felony offender, to a term of 5 to 10 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People, the essential elements of the second degree burglary charge were proven beyond a reasonable doubt (People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932). The complainant, who undisputedly knew defendant as an acquaintance from the neighborhood, testified that defendant was the intruder in the complainant's apartment with whom he briefly struggled, and that the complainant's stereo equipment had been relocated to the sofa and tied up in a sheet as an apparent prelude to its removal. The complainant's sister testified that, although she initially had stayed in the hallway as her brother kicked open the bolted door, she entered in time to see

the struggle with defendant, whom she also recognized from the neighborhood, and observed the stereo equipment tied up in a sheet. The jurors' evaluation of the complainant's and his sister's testimony as credible is entitled to great deference (*People v Corporan*, 169 AD2d 643, *lv denied* 77 NY2d 959). Moreover, defendant's statement to the police that he had been viewing a certain film in another part of town at the time of the burglary was controverted by the testimony of a movie theater usher that the film had not been shown that night at the theater defendant claimed to have visited. We have examined defendant's alternative contention that the verdict was against the weight of the evidence and find it to be without merit. Concur—Sullivan, J. P., Rubin, Kupferman, Asch and Nardelli, JJ.