■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERIBERTO PORTO, Appellant. [641 NYS2d 9] —Judgment, Supreme Court, New York County (Renee White, J.), rendered February 17, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a second felony offender, to a term of $4^{1}/_{2}$ to 9 years, unanimously affirmed.

Contrary to defendant's claim, the verdict was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490). Credibility determinations of the fact finder are entitled to great deference and should not be disturbed unless manifestly erroneous and so plainly unjustified by the evidence that rejection is required in the interest of justice (*People v Corporan*, 169 AD2d 643, *lv denied* 77 NY2d 959). Such was not the case herein.

The trial court did not err in denying defendant's request to comment during summation on the People's failure to call a police officer who had been in the same unmarked police van as the officer who testified to observing the drug sale. Since there was no evidence that the other officer made any observations, nor that it was his function to make observations, defendant failed to establish that the witness would have provided material and noncumulative testimony (*People v Zillinger*, 179 AD2d 382, *lv denied* 79 NY2d 955). The challenged portions of prosecutor's summation were responsive to the summation of the defense and fairly grounded in the evidence. Concur—Ellerin, J. P., Wallach, Kupferman, Williams and Mazzarelli, JJ.