■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL TORRES, Appellant. [642 NYS2d 871] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered April 4, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $7^{1}/_{2}$ to 15 years, unanimously affirmed.

Immediately prior to the commencement of jury deliberations, a juror asked the trial court "are we able to ask questions?" The court responded: "Questions are over. The trial is done. The evidence is there. What you can ask is if you want a read back. You can't ask any more questions." This was an inaccurate description of the court's obligations to aid the jury in its deliberations (CPL 310.30). However, no objection was registered to this erroneous instruction, and the issue is not preserved for review since the instruction did not constitute a fundamental defect going to the essential validity of the trial such that it was irreparably tainted (see, People v Agramonte, 87 NY2d 765) and we decline to review it in the interest of justice. Were we to review it, we would find that defendant was not seriously prejudiced by the instruction (see, People v Lourido, 70 NY2d 428, 435; People v Paul, 204 AD2d 205, lv denied 84 NY2d 871).

Summary denial of defendant's suppression motion was proper since the People set forth the facts leading to defendant's arrest, not merely conclusory assertions (compare, People v Hightower, 85 NY2d 988). The court's Sandoval ruling, permitting defendant's impeachment by two prior drug felonies, while precluding inquiry into the underlying facts, constituted a proper exercise of discretion (People v Venero, 211 AD2d 566, lv denied 86 NY2d 785). Defendant's sentence was not excessive in light of his extensive criminal record. Concur—Rosenberger, J. P., Rubin, Kupferman, Nardelli and Tom, JJ.