■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AZZEDIN WESTON, Appellant. [650 NYS2d 686] —Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered January 14, 1993, convicting defendant, after a jury trial, of criminal possession of stolen property in the third degree, unauthorized use of a vehicle in the third degree, and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to concurrent prison terms of $3^1/_2$ to 7 years, 1 year and 1 year, unanimously affirmed.

The court properly denied suppression of defendant's statements made to the police during a traffic stop regarding the ownership of a vehicle later determined to have been stolen (*see, People v Bennett*, 70 NY2d 891, 893-894). *Miranda* warnings were not required, because defendant was not in custody at the time he made the statements (*see, People v Yukl*, 25 NY2d 585, 589), and also because the limited questioning did not constitute interrogation, but rather an opportunity for defendant to clarify the situation (*see, People v Fernandez*, 207 AD2d 663, *lv denied* 84 NY2d 935).

The verdict was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490), as ample evidence existed that defendant knew the vehicle he was driving was stolen, and we discern no basis to upset the jury's verdict based on defendant's challenges to the officers' credibility (*see, People v Linares*, 211 AD2d 504, *lv denied* 85 NY2d 940).

The trial court did not improvidently exercise its discretion in refusing defendant's request for new assigned counsel after a jury had been selected (*see, People v Arroyave*, 49 NY2d 264, 271). After a careful inquiry, during which defendant was given every opportunity to present his grievances, the court was justified in concluding that defendant's complaints regarding the lack of communication were inaccurate (*see, People v Batista*, 191 AD2d 317, *lv denied* 81 NY2d 1011), and were primarily the result of defendant's disagreement with counsel over trial strategy (*see, People v Medina*, 44 NY2d 199).

The court did not improvidently exercise its discretion in its *Sandoval* ruling.

Defendant's challenges to the propriety of the prosecutor's summation are unpreserved and without merit.

We perceive no abuse of sentencing discretion. We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Ellerin, Rubin, Kupferman and Nardelli, JJ.