■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL VELASQUEZ, Appellant. [668 NYS2d 374] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered April 12, 1995, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant's suppression motions were properly denied. Following defendant's arrest, police inquiries regarding ownership of the van in question and the whereabouts of its keys were clearly intended to clarify the situation and did not constitute police interrogation requiring *Miranda* warnings (*People v Huffman*, 41 NY2d 29, 33; *People v Bailey*, 172 AD2d 163, *lv denied* 78 NY2d 920). The inventory search of the van following defendant's lawful arrest was conducted pursuant to routine police procedure and did not require a warrant (*see, People v Galak*, 80 NY2d 715; *People v Gonzalez*, 62 NY2d 386, 388-389).

On the existing record, we find that trial counsel's representation was meaningful (*People v Baldi*, 54 NY2d 137).

We perceive no abuse of discretion in sentencing. Defendant's suggestion that the court possessed discretion to sentence defendant as a first felony offender is contrary to law.

Defendant's remaining contentions are unpreserved and without merit. Concur—Milonas, J. P., Rosenberger, Wallach, Williams and Mazzarelli, JJ.