■ The People of the State of New York, Respondent, v Howard Velasquez, Appellant. [700 NYS2d 126] —Judgment, Supreme Court, Bronx County (Harold Silverman, J., at suppression hearing; Frank Torres, J., at jury trial and sentence), rendered June 22, 1998, convicting defendant of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him to concurrent terms of 1½ to 3 years and 1 year, respectively, unanimously affirmed.

Defendant's motions to suppress physical evidence and statements were properly denied. While the motion court relied on several various legal theories in denying suppression of the gun, we find that the record amply supports its conclusion that the gun was recovered through a proper inventory search of the vehicle, conducted in accordance with standard police procedure following defendant's lawful arrest and before transporting the vehicle to the precinct (see, People v Velasquez, 246 AD2d 448). The court properly ruled that no Miranda warnings were required in connection with a general question, addressed to a group of individuals removed from the vehicle, regarding ownership of the gun found therein. In the circumstances, this question, which led to defendant's statements that he owned the vehicle and the gun and that he had a Connecticut permit for the gun, was intended to clarify the situation, rather than to obtain a statement (see, People v Weston, 234 AD2d 90, lv denied 89 NY2d 989). Thus, the court properly denied defendant's motion to suppress those statements.

The trial court properly denied defendant's initial application made pursuant to Batson v Kentucky (476 US 79) since it was insufficient to raise an inference of a pattern of discrimination that would serve to establish a prima facie case (see, People v Lynn, 224 AD2d 294, lv denied 88 NY2d 881). Defendant's remaining Batson contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. In this connection, although the court ruled that a pattern had emerged in a subsequent round of jury selection, such ruling did not require the same conclusion as to the prior round (see, People v Davis, 251 AD2d 137, lv denied 92 NY2d 895). Furthermore, defendant did not meet his burden of establishing that any of the peremptory challenges at issue on appeal were pretextual (see, People v Rivera, 225 AD2d 392, lv denied 88 NY2d 969).

We perceive no abuse of discretion in sentencing. Concur—Ellerin, P. J., Nardelli, Williams, Rubin and Andrias, JJ.