■ The People of the State of New York, Respondent, v William Wright, Defendant-Appellant. [713 NYS2d 118] —Judg-

ment, Supreme Court, New York County (William Leibovitz, J.), rendered July 28, 1997, which convicted defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentenced him, as a second felony offender, to 6 to 12 years' imprisonment, unanimously affirmed.

The trial court properly denied defendant's request to charge criminal possession of a controlled substance in the seventh degree as a lesser included offense of criminal possession of a controlled substance in the third degree since, based upon the evidence adduced at trial, the jury could not have rationally concluded that defendant committed the lesser crime and not the greater as there was no "identifiable, rational basis" for the jury to reject evidence supportive of the greater crime yet accept so much of the evidence as would establish the lesser offense (*People v Scarborough*, 49 NY2d 364, 369; *see also, People v Palmer*, 216 AD2d 883, *lv denied* 86 NY2d 799; *People v Richardson*, 244 AD2d 273, *lv denied* 91 NY2d 1012).

We also reject defendant's claim that he received ineffective assistance of counsel, for "[a]s long as the defense reflects a reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, it will not fall to the level of ineffective assistance" (*People v Benevento*, 91 NY2d 708, 712-713). Here, counsel's strategy can be viewed as an "all-or-nothing" defense tactic (*People v Lane*, 60 NY2d 748).

Finally, given defendant's extensive criminal history, we find that the sentencing court did not abuse its discretion in imposing a sentence which was well below the maximum permitted (*see, People v Torres*, 227 AD2d 242, *lv denied* 88 NY2d 996; *People v Linares*, 211 AD2d 504, *lv denied* 85 NY2d 940). Concur—Nardelli, J. P., Ellerin, Wallach, Saxe and Buckley, JJ.