Schoenfeld, J.
(dissenting). I respectfully dissent and would affirm the judgment of conviction.
The evidence, when viewed in the light most favorable to the People, was clearly sufficient to establish the elements of attempted assault in the third degree. A jury’s assessment of witness credibility should be given great deference since they are present for the testimony. (People v Bleakley, 69 NY2d 490, 495 [1987].) A factfinder’s credibility determinations “should not be disturbed unless manifestly erroneous and so plainly unjustified by the evidence that rejection is required in the interest of justice.” (People v Corporan, 169 AD2d 643 [1st Dept 1991].)
Here, it is unrefuted that complainant was well acquainted with his neighbor, defendant Anthony Okoro. Further, on direct examination, complainant did not waiver in his identification of defendant — “I was shouting, I said Tony, I know you.” Nor did complainant’s response to questions on cross-examination, as to why he did not immediately impart certain information, rise to a level of being so seriously disturbing as to warrant reversal.
In his comments, the trial judge was careful to state that his assessment of complainant’s credibility was only with respect to the second defendant (who incidently, unlike Okoro, did present an alibi defense). In fact, the judge noted that even if the jury did not believe complainant’s testimony as to certain alleged acts, “the jury could have found the identification of Mr. Okoro as one of the people present ... as credible.” It is therefore reasonable that the jury could have accepted some, but not all of the testimony, in rendering their guilty verdict of only the attempted assault. In any event, a jury may exercise leniency by convicting a defendant of a lesser charge than is established by the evidence. (People v Tucker, 55 NY2d 1, 7 [1981]; People v Rayam, 94 NY2d 557 [2000].)
Suarez, PJ., and Gangel-Jacob, J., concur; Schoenfeld, J., dissents in a separate memorandum.