■ The People of the State of New York, Respondent, v Santiago Morales, Appellant. [827 NYS2d 108]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered March 18, 2005, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, attempted sexual abuse in the first degree, and public lewdness, and sentencing him, as a second felony offender, to an aggregate term of concurrent terms of 3½ to 7 years, 2 to 4 years, and 90 days, respectively, unanimously modified, on the law, to the extent of granting defendant's motion to suppress physical evidence, vacating the weapon possession conviction and remanding for a new trial on that count, and otherwise affirmed.

The court properly admitted, as prompt outcries, the testifying victim's reports of the sexual assault in both her 911 call and her conversation with a responding officer. Each qualified, under its own circumstances, as a sex crime victim's prompt outcry (see People v McDaniel, 81 NY2d 10, 16-17 [1993]), and thus both were admissible (People v Santos, 243 AD2d 276 [1997], lv denied 91 NY2d 880 [1997]; People v Fabian, 213 AD2d 298 [1995], lv denied 85 NY2d 972 [1995]). We have considered and rejected defendant's remaining arguments on this issue.

The hearing evidence fails to support the court's finding that the physical evidence found in defendant's bag at the precinct was recovered as an incident to a lawful arrest. Although the police lawfully arrested defendant and lawfully inspected a bag in his immediate vicinity, they found nothing at that time. While the hearing evidence suggests that the knife, glove and aphrodisiac were found during an inventory search at the station house, we are unable to uphold the seizure on that basis. The People never argued that theory (see People v Dodt, 61 NY2d 408, 416 [1984]; see also People v Chavis, 91 NY2d 500, 506 [1998]) or asked the officer any questions about inventory procedures (see People v Galak, 80 NY2d 715 [1993]), and they even objected on the ground of relevance when defendant tried to delve into this issue. Furthermore, the suppression court's

decision made no mention of an inventory (*compare People v Velasquez*, 267 AD2d 64 [1999], *lv denied* 94 NY2d 886 [2000] [court made alternative finding as to inventory search]).

Although the physical evidence should have been suppressed, we find the error to be harmless with respect to the attempted sexual abuse and public lewdness convictions, which were supported by overwhelming evidence. The victim's testimony was both highly reliable in itself, and extensively corroborated by untainted evidence. While the victim's testimony, standing alone, could also support defendant's conviction of possession of a knife with intent to use it unlawfully, we find there is a reasonable possibility that receipt of the knife in evidence contributed to that conviction, and we thus remand for a new trial on that count. However, there was no "reasonable possibility" that the jury's decision to convict defendant on the weapon count influenced its guilty verdict on the other two counts in a "meaningful way" (*People v Doshi*, 93 NY2d 499, 505 [1999]). Concur—Andrias, J.P., Friedman, Sullivan, Nardelli and Malone, JJ.