OPINION OF THE COURT
Louis L. Nock, J.
Defendant Julio Morales, a citizen of the Dominican Republic and lawful permanent resident of the United States since July 1, 1997, moved for an order, pursuant to CPL 440.10, to vacate a judgment entered against him on July 16, 1998, convicting him of Penal Law § 220.03, criminal possession of a controlled substance in the seventh degree, a class A misdemeanor, upon his plea of guilty to that charge that day. The People opposed defendant’s motion. By decision and order dated August 28, 2015 (People v Morales, 49 Misc 3d 1090 [Crim Ct, NY County 2015, Nock, J.] [hereafter referred to as the decision]), this court found that defendant made the requisite preliminary showing sufficient to afford him the opportunity of an evidentiary hearing to determine whether his aforesaid plea was offered and accepted in the face of ineffective assistance of counsel, thereby rendering said plea subject to withdrawal. Familiarity with the decision is presumed.
An evidentiary hearing pursuant to the decision was conducted on December 29, 2015. As detailed below, the credible evidence adduced at the hearing sustains defendant’s assertion of ineffective assistance of counsel and, thus, defendant’s motion to withdraw his plea is granted, and said plea is hereby deemed withdrawn, and its attendant judgment of conviction is hereby vacated.
Findings of Fact
Defendant, the product of a fifth grade education, emigrated to the United States on February 22, 1995, arriving on a worker’s visa and earning lawful permanent residency in 1997 (tr of proceedings, Dec. 29, 2015 at 5-6). Raised in poverty and seeking a better life, defendant made a life here, rearing a son and family whom he actively supports (id. at 6-7). At the time of his underlying arrest, defendant was working as a janitor (id. at 8). He was arrested in a police raid along with 20 other individuals on a charge of felony criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]; tr at 8-9). Defendant did not even know his codefendant in this case, Pedro Leonardo, who is alleged in the complaint to be a seller of narcotics, allegedly facilitated by defendant (tr at 9; notice of motion, exhibit A).
*1023 Defendant pleaded guilty at arraignment to the reduced charge of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), a class A misdemeanor, even though, as he testified, he did not commit the offense, because his assigned arraignment attorney informed him that he would only receive a sentence of time served (tr at 11).
Prior to arraignment, defendant consulted his assigned counsel regarding the matter, including the possibility of adverse immigration consequences that might result from a plea of guilty to the reduced misdemeanor charge (tr at 11, 21, 22, 24, 25). His assigned counsel told him that he would be eligible for “a pardon” from immigration officials if removal proceedings were ever initiated on the force of a plea of guilty to the drug-related misdemeanor charge, and that this whole affair would be viewed as “something minor” (id. at 12, 13, 14-15, 23, 28-30).* However, in 2012, when he returned to the United States from a trip to Santo Domingo, he was informed by immigration officials that he was subject to deportation on account of his subject matter guilty plea and conviction, and that he would not be eligible for any discretionary relief (id. at 15-16). Removal proceedings were initiated against defendant that year (notice of motion, exhibit C). Defendant would not have pleaded guilty had he known that he would not be eligible for discretionary relief from removal (tr at 16). Defendant’s plea of guilty to an offense he attests he did not commit was predicated specifically on his assigned counsel’s advice that he would be able to remain here notwithstanding such plea (id. at 24-25).
Conclusions of Law
As adduced at the evidentiary hearing in this matter, defendant would never have acceded to offering the plea if he had known that it would cause him to be ineligible for relief from *1024 removal by virtue of said plea. His lawyer’s advice to him that he would be eligible for such relief, and that this would be viewed by immigration officials as “something minor” (tr at 12, 13, 14-15, 23, 28-30), was grossly in error. As detailed in the decision (49 Mise 3d at 1092-1093), pursuant to Immigration and Nationality Act (INA) §§ 212 (a) (2) (8 USC § 1182) and 237 (a) (2) (8 USC § 1227), a conviction for the type of offense to which defendant pleaded guilty (Penal Law § 220.03) rendered defendant subject to removal in any removal proceeding, and subject to inadmission, as well, by congressional mandate. Furthermore, by congressional mandate: pursuant to INA § 240A (8 USC § 1229b [d] [1]), defendant was rendered ineligible for the discretionary accommodation of cancellation of removal because, at the time he pleaded guilty in 1998, defendant had not resided continuously in the United States for seven years, as he had emigrated here, only, in 1995 (tr at 5-6).
“The right to the effective assistance of counsel is guaranteed by both the Federal and State Constitutions (US Const, 6th Arndt; NY Const, art I, § 6). What constitutes effective assistance is not and cannot be fixed with yardstick precision, but varies according to the unique circumstances of each representation” (People v Baldi, 54 NY2d 137, 146 [1981]).
A defendant adequately shows ineffective assistance of counsel when “ ‘there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial’ ” (People v McDonald, 1 NY3d 109, 115 [2003] [citation omitted]).
As adduced at the evidentiary hearing in this matter, defendant would not have pleaded guilty to the class A misdemeanor criminal charge of Penal Law § 220.03 had he known the true, adverse, immigration consequences of the plea (see Padilla v Kentucky, 559 US 356, 373 [2010] [the “severity of deportation—‘the equivalent of banishment or exile,’ ” is significant to “the negotiation of a plea bargain” and to “the Sixth Amendment right to effective assistance of counsel” (citations omitted)]). In addition, as observed in the decision (49 Misc 3d at 1095), the People’s case was not very compelling, in that neither drugs nor buy money were found on defendant’s person when he was arrested in a police raid along with 20 other individuals. Indeed, defendant’s codefendant, charged in the very same complaint to be functioning as defendant’s mirror image—to wit, as the alleged seller vis-a-vis defendant’s alleged status as a buyer—pleaded guilty to the mere violation of *1025 Penal Law § 240.20, disorderly conduct, bearing no immigration consequence. As observed in the decision (49 Mise 3d at 1095), this is an indication that the People’s case was not very strong. Thus, the foregoing evidentiary realities of what appeared to be a weak case, taken together with prior counsel’s affirmative misadvice concerning the immigration consequences of a plea to the class A misdemeanor, give rise to the conclusion that, but for prior counsel’s alleged errors, defendant would have elected to go to trial, as defendant asserts on this motion (see People v Droz, 39 NY2d 457 [1976] [multiple errors by counsel contribute cumulatively to a finding of ineffective assistance]).
As discussed in the decision, prior to (and after) defendant’s guilty-plea conviction, the Court of Appeals provided guidance on the issue of affirmative misadvice of the immigration consequences of a plea, taking care to point out that federal courts held that “affirmative misstatements by defense counsel” constitute ineffective assistance of counsel (People v Ford, 86 NY2d 397, 405 [1995]; see decision 49 Misc 3d at 1095 and n 8). In the present case, it has been demonstrated that defendant’s plea counsel misadvised him that he would be eligible for relief from removal if removal proceedings were ever initiated against him, despite a plea of guilty to class A misdemeanor criminal possession of a controlled substance in the seventh degree. It has been further demonstrated that defendant would never have offered such a plea if he knew of the error of such misadvice. The error of such misadvice is compounded by the qualitative disparity between defendant’s and his codefendant’s pleas involving a complaint alleging equivalent levels of alleged culpability on both defendants’ parts. Despite such disparity, and in the face of counsel’s misadvice, counsel allowed defendant to plead guilty to a charge that was evidently weak in its proof and which was premised upon erroneous information as to immigration impact.
The factual findings of a fact-finding court, hearing and observing the evidence, are to be accorded great weight and deference (People v Prochilo, 41 NY2d 759 [1977]; People v Porto, 226 AD2d 190 [1st Dept 1996], lv denied 88 NY2d 992 [1996]; People v Linares, 211 AD2d 504 [1st Dept 1995], lv denied 85 NY2d 940 [1995]). Based on the credible evidence adduced at the evidentiary hearing in this matter—this court having observed and assessed the evidence so adduced—this court finds that defendant was affirmatively misadvised by his *1026 plea counsel of the immigration consequences of his plea, and that said counsel was ineffective as recognized by established authority (e.g. People v McDonald, 1 NY3d 109, 115 [2003]; People v Ford, 86 NY2d 397 [1995]; see decision 49 Misc 3d at 1095 n 8). Accordingly, defendant’s motion to withdraw his plea and vacate his judgment of conviction is granted in all respects.
Conclusion
For all the foregoing reasons, and based on all the filings and proceedings heretofore had herein, it is ordered that defendant’s motion to withdraw his plea of guilty in this matter, pursuant to CPL 440.10, and to vacate his attendant judgment of conviction, is hereby granted in all respects, and that said plea is deemed withdrawn and its attendant judgment of conviction is vacated; and it is further ordered that current counsel for defendant, and counsel for the People, are directed to appear at a conference before the undersigned on a date and at a time to be communicated by the court to said counsel, for the purpose of discussing the status of the 1998 charge against defendant, now, in the aftermath of the within determination.

 As noted in the decision (49 Misc 3d at 1096-1097), the fact that defendant availed himself of an opportunity for preplea consultation with his counsel is also indicated by the transcript of the court proceedings from July 16, 1998, the day he pleaded guilty to Penal Law § 220.03. As discussed in the decision (id.), that transcript indicates that when defendant’s prior attorney was informed of the People’s “offer of 220.30 and time served,” said attorney asked for a subsequent call, after which defendant accepted the offer and entered the plea (notice of motion, exhibit B). That circumstance indicates that prior counsel discussed the offered plea with defendant while off the record. As noted herein, the credible evidence at the evidentiary hearing conducted in this matter confirms that said counsel misadvised defendant as to immigration consequences during his discussions with defendant.